UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL CASTAGNOLA,

       Plaintiff,

       v.

EDUCATIONAL CREDIT
MANAGEMENT CORP., et al.,

       Defendants.

Case No. 2:11-cv-688
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the

Administrative Record. (Doc. No. 38). For the reasons set forth below, the Court **GRANTS**

Defendants' motion.

## I. BACKGROUND

Plaintiff, Daniel Castagnola ("Plaintiff") was enrolled at Columbus State Community

College from September 25, 1996 through June 14, 2003. (Administrative Record ("A.R.")

000043-47, Doc. No. 37). Plaintiff contends that he paid for his college without the assistance of

loans and that the loan documents in the Administrative Record are forged, most likely by his ex-

wife. The Administrative Record reflects the following:

On September 20, 2001, Plaintiff signed a Federal Stafford Loan Master Promissory

Note, identifying Victor and Dora Castagnola and Ana Hernandez as references. (A.R. 000009).

On September 26, 2001, Plaintiff received loans totaling $7,500 for the loan period of September

19, 2001 to June 15, 2002. (A.R. 000030). These loans were disbursed on the following dates

and in the following amounts:

September 27, 2001 - $1,334

October 18, 2001 - $1,168
December 27, 2001 - $2,499
March 22, 2002 - $2,499

(A.R. 000037, 000040).

On June 24, 2002, Plaintiff signed a Federal Stafford Loan Master Promissory Note,
identifying Victor Castagnola and Jose Matos as references.  (A.R. 000010).  On June 26, 2002,
Plaintiff received loans totaling $1,278 for the period of July 1, 2002 to September 15, 2002;
those funds were disbursed on June 27, 2002.  (A.R. 000030).

On March 10, 2003, Plaintiff submitted an In-School Deferment Request (A.R. 000006);
and on September 14, 2003, Plaintiff submitted an Unemployment Deferment Request (A.R.
000005).

On January 30, 2008, Plaintiff disputed liability for the loans, alleging that he had not
signed the original notes.  (A.R. 000013, 000016).  In support of his allegations, Plaintiff
submitted a copy of a police report he had filed on April 1, 2008, which alleges that between
January 1, 2002 and December 31, 2005, his ex-wife "signed his name on numerous loans and
papers without his permission."  (A.R. 000018).

On July 16, 2009, Plaintiff submitted a loan discharge application, also known as a false
certification application, to Defendant Educational Credit Management Corporation.  (A.R.
000023).  In that application, Plaintiff denied signing his name to certain loan applications and
indicated that he suspected that his ex-wife signed the documents.

On July 23, 2009, Defendant Educational Credit Management Corporation denied the
loan discharge application and advised Plaintiff of his right to appeal the decision to the United
States Department of Education.  (A.R. 000028).

On August 4, 2009, Plaintiff requested that the Secretary of the Department of Education review the denial of his application for loan discharge.  (A. R. 000007).  This request was forwarded to the Department of Education False Certification Appeals on August 13, 2009. (A.R. 000003).  On July 21, 2010, the Department of Education informed Plaintiff that he did not qualify for a loan discharge.  (A.R. 000001).

On August 4, 2011, Plaintiff filed this action against the Education Credit Management Corp. and the United States Department of Education (together "Defendants"), seeking review of the Department of Education's denial of his application for loan discharge.  Plaintiff is proceeding without the assistance of counsel.

On October 1, 2012, Defendants' moved for judgment on the administrative record under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is ripe for review.  (Doc. No. 38, 41).  On December 12, 2012, Plaintiff filed a Motion to Request a Trial (Doc. No. 42); on March 15, 2013, Plaintiff filed a Motion Requesting an Opportunity to Change his Social Security Number (Doc. No. 45); and on June 4, 2013, Plaintiff filed a Motion to Expedite this Case (Doc. No. 47).

## II.

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in it as true, and determine whether the factual allegations present any plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–5570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) (clarifying the plausibility standard articulated in *Twombly*).  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citation omitted).

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements.  *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III.

In the 1992 Higher Education Amendments ("HEA") to the Federal Family Education Loan Program, Congress created a duty on the part of the Secretary of Eduction to discharge the student loans of falsely certified students.  20 U.S.C. § 1087(c).  The HEA provides in relevant part:

(c) Discharge.

(1) In general.  If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part [20 USCS §§ 1071 *et seq*.] and the student borrower, or the student on whose behalf a parent borrowed, . . . was falsely certified as a result of a crime of identity theft, . . . then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan . . . .

20 U.S.C. § 1087(c)(1).

4

Congress also directed the Secretary to promulgate regulations implementing the HEA. 20 U.S.C. § 1098a. The regulations provide that borrowers may obtain false-certification discharges by proving that the signatures on their loan documents are unauthorized. 34 C.F.R. § 682.402(e)(3)(v). An agency's interpretation of its own regulations are "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997).

The Department of Education's denial of Plaintiff's request to discharge his student loan is reviewable by this Court under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). "The APA directs that when reviewing the decision of an administrative agency, a court shall 'hold unlawful and set aside the agency action' if the action is 'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.'" *Ky. Waterways Alliance v. Johnson*, 540 F.3d 466, 473 (6th Cir. 2008) (quoting 5 U.S.C. § 706(2)(A)). "'A court reviewing an agency's adjudicative action should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole.'" *Id.* (quoting *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992)) (emphasis altered). "Under this APA standard, the reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Id.* at 473–74 (quoting *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)).

The Sixth Circuit has given more specific direction, explaining that an agency decision is arbitrary and capricious when the agency

has relied on factors which Congress had not intended it to consider, entirely failed

5

to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* at 474 (quoting *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 127 S. Ct. 2518, 2529, 168 L. Ed. 2d 467 (2007)). This Court "'may not supply a reasoned basis for the agency's action that the agency itself has not given.'" *Id.* (quoting *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "However, '[e]ven when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may be reasonably discerned.'" *Alaska Dep't of Env't Conservation v. EPA*, 540 U.S. 461, 497 (2004). Review under this standard is deferential and narrow. *Marsh*, 490 U.S. at 378.

For Plaintiff to obtain a false-certification discharge, he was required to prove that the signatures on his loan were unauthorized, which the Department of Education found that he failed to do. The Department of Education determined that Plaintiff failed to show that he did not sign the promissory note after reviewing Plaintiff's:

1) Abstract of Marriage executed on April 24, 2001, (A.R. 000026).

2) Marriage License executed on April 24, 2001, (A.R. 000027).

3) Social Security Card, (A.R. 000025).

4) Employment authorization, (A.R. 000017).

5) Drivers License, (A.R. 000015).

6) Correspondence from Plaintiff, (A.R. 000013; A. R. 000016).

7) Unemployment Deferment Request, (A.R. 000005).

8) In-school Deferment Request, (A.R. 000006).

6

9) Borrower's Statement of Intent, (A.R. 000007).

To show that the signatures on his loan were unauthorized, Plaintiff was required to:

(A) Certify that the individual did not sign the promissory note, or that any other means of identification used to obtain the loan was used without the authorization of the individual claiming relief;

(B) Certify that the individual did not receive or benefit from the proceeds of the loan with knowledge that the loan had been made without the authorization of the individual;

(C) Provide a copy of a local, State, or Federal court verdict or judgment that conclusively determines that the individual who is named as the borrower of the loan was the victim of a crime of identify theft by a perpetrator named in the verdict or judgment;

34 C.F.R. § 682.402(e)(3)(v) (subsection (D) refers to the content of a judicial determination of identity theft, and is not relevant here because there is no judicial determination). This Court finds that the administrative record supports the Department of Education's decision.

With regard to the first factor, the agency found that Plaintiff's signature samples showed that the signature on the loan document in question belonged to Plaintiff. (A.R. 000001). This finding is supported by substantial evidence on the record as a whole, which shows that the numerous documents reviewed and the loan documents reflect signatures that look nearly identical.

As to whether Plaintiff showed that he received no benefit from the proceeds of the loan, the agency found that he failed to provide any evidence that he paid for the classes with funds independent of the loans disbursed during the period in question. (A.R. 000013). Review of the record shows that there is indeed no evidence to support Plaintiff's assertion.

Finally, Plaintiff failed to provide any court verdict or judgment that conclusively

7

determines that he was the victim of a crime of identify theft by a perpetrator named in the verdict or judgment. Instead, Plaintiff relies upon a police report he filed against his ex-wife in which he contends that she stole his identity. (A.R. 000030; A.R. 000010). This police report is insufficient to meet the requirements in the regulations to show that Plaintiff was the victim of a crime of identity theft.

Accordingly, the Court finds that the agency offered a plausible explanation for its decision that does not run counter to the evidence that was before it, considered and relied on factors which Congress intended it to consider, and did not entirely fail to consider an important aspect of the issue before it. Therefore, the agency's denial of Plaintiff's loan discharge request is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, and must be upheld.

## IV.

Based on the foregoing, the Court **GRANTS** Defendants' Motion for Judgment on the Administrative Record. (Doc. No. 38.) This decision renders moot the remaining pending motions. (Doc. Nos. 42, 45, 47.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants.

**IT IS SO ORDERED.**

6-27-2013
_____                          _____
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**

8